# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ANDREW BROOKS, JASON BROOKS, )
ANDREA FRAZIER, and PAMELA )
WHITE, )
)
          Plaintiffs, )
)
vs. ) Case No. CIV-15-188-M
)
JOE DAVID, et al., )
)
          Defendants. )

## ORDER

Before the Court is defendants District 6 Drug Task Force ("DTF") and Jason Hicks ("Hicks"), individually and in his official capacity's Motion for Judgment on the Pleadings, filed February 2, 2016. On February 23, 2016, plaintiffs filed their response, and on March 4, 2016, DTF and Hicks filed their reply.

On February 20, 2015, plaintiffs filed their Complaint pursuant to 42 U.S.C. § 1983, alleging violations of their constitutional rights pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. This action arises out of a traffic stop occurring on Interstate 40 in Caddo County, Oklahoma on February 22, 2013. Hicks, in his official capacity, and DTF now seek dismissal based on Eleventh Amendment immunity. Hicks, in his individual capacity, and DTF also seek judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c).

II.     Standard of Review

When reviewing a motion for judgment on the pleadings under Rule 12(c), the court applies the same standard that applies to a Rule 12(b)(6) motion. *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted).

III. Discussion

Hicks, in his official capacity, and DTF seek dismissal based on Eleventh Amendment immunity. In their response, plaintiffs concede that any claims against Hicks, in his official capacity, are barred by the Eleventh Amendment. Accordingly, the Court finds that any claims against Hicks, in his official capacity, should be dismissed. In their response, plaintiffs do not address DTF's argument that it has no existence separate from the District Attorney's Office and that because it is not a legal entity capable of suing or being sued, plaintiffs' claims against it must

2

be dismissed. Based upon plaintiffs' lack of response, the Court finds DTF's argument confessed and, accordingly, finds that any claims against DTF should be dismissed.

Hicks, in his individual capacity, also seeks judgment on the pleadings. First, Hicks asserts that plaintiffs fail to state a claim against him because they have not shown that DTF officials violated their rights during the traffic stop. "[A] traffic stop is valid under the Fourth Amendment if the stop is based on an observed traffic violation or if the police officer has a reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring." *United States v. Botero-Ospina*, 71 F.3d 783, 787 (10th Cir. 1995). Hicks contends that the initiation of the traffic stop was lawful because it was based on an observed traffic violation – drifting onto the shoulder of the highway. Hicks further contends that in their Complaint, plaintiffs admit that their driver, plaintiff Frazier, drifted slightly onto the shoulder of the highway. Upon review of the Complaint, the Court finds plaintiffs have made no such admission; however, plaintiffs have not specifically alleged that plaintiff Frazier did not drift onto the shoulder of the highway or otherwise commit a traffic violation. Additionally, the Court finds that all of plaintiffs' allegations regarding the legality of the initial traffic stop are conclusory – plaintiffs simply allege that defendants lacked probable cause for the stop. The Court, therefore, finds that plaintiffs have not set forth sufficient factual allegations to plausibly show that the initial traffic stop was unconstitutional.

Further, "during a routine traffic stop, an officer may request a driver's license and registration, run requisite computer checks, and issue citations or warnings." *United States v. Pettit*, 785 F.3d 1374, 1379 (10th Cir. 2015) (internal citations omitted). "An officer may also inquire about the driver's travel plans and ask about matters unrelated to the stop." *Id.* (internal citations omitted). Finally, while a lawful traffic stop may not extend beyond the time reasonably required

to effectuate its purpose, the stop may be extended if the encounter becomes consensual or if, during the initial lawful traffic stop, the officer develops a "reasonable suspicion" that the detained person is engaged in criminal activity. *See id.*

The only factual allegation plaintiffs allege in their Complaint regarding the extension of the traffic stop is that "[d]uring this traffic stop, Defendant David separately interrogated Plaintiffs Andrew Brooks, Jason Brooks, and Andrea Frazier and they were held on the side of the road for approximately one (1) hour and (15) minutes, before Defendant Fisher arrived with his K-9." Complaint at ¶ 35. The remainder of plaintiffs' allegations regarding the extension of the stop are simply conclusory allegations – plaintiffs simply allege that defendants did not have probable cause to prolong the traffic stop.[1] While the Court notes that the length of time the traffic stop was extended seems excessive, the Court finds, without any further factual allegations, plaintiffs have not set forth sufficient factual allegations to plausibly show that the extension of the traffic stop was unconstitutional.

Finally, in their response to the motion to dismiss, plaintiffs concede that if the initial traffic stop and the extension of the traffic stop were justified and if the drug dog hit on the vehicle, then the officers would have had probable cause to search the vehicle and probable cause for the arrest of plaintiffs and the seizure of plaintiff White's vehicle. Since the Court has found that plaintiffs have not set forth sufficient factual allegations to plausible show that the initial traffic stop and/or the extension of the traffic stop were unconstitutional, the Court finds that plaintiffs have further

---

[1] The Court would note that these conclusory allegations do not reference the correct legal standard of reasonable suspicion.

failed to state a claim that the search of the vehicle, the arrest of plaintiffs, and the seizure of plaintiff White's vehicle were unconstitutional.

Hicks also asserts that he is entitled to judgment on the pleadings as to plaintiffs' policy and custom claims and failure to train claims.[2] In their Complaint, plaintiffs allege that Hicks implemented, adopted, or allowed to continue in operation official policies, procedures, and/or customs of seeking a pretextual reason to stop motor vehicles to justify a search of the vehicle and seizure of their property in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. However, "pretextual" traffic stops are constitutional. *See Botero-Ospina*, 71 F.3d at 788 (finding it is irrelevant that officer may have had other subjective motives for stopping vehicle). Further, regarding plaintiffs' other policy and custom claims and plaintiffs' failure to train claims, the Court finds that plaintiffs' allegations are nothing more than labels, conclusions, and formulaic recitations of the elements of a cause of action without any supporting facts. The Court, therefore, finds that plaintiffs' policy and custom claims and failure to train claims should be dismissed.

Finally, in their response, plaintiffs request leave of Court to amend their Complaint if the Court determines that plaintiffs' claims should be dismissed. Having reviewed the parties' submissions, the Court finds that plaintiffs should be granted leave to file an amended complaint.

Accordingly, the Court GRANTS defendants Hicks and DTF's Motion for Judgment on the Pleadings [docket no. 29], DISMISSES plaintiffs' claims against Hicks and DTF, and GRANTS

---

[2]The Court would note that in their response, plaintiffs did not address Hicks' arguments regarding plaintiffs' policy and custom claims and failure to train claims.

plaintiffs leave to file an amended complaint. Plaintiffs shall file their amended complaint within twenty (20) days of the date of this Order.

**IT IS SO ORDERED this 11th day of August, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE