# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ANDREW BROOKS, JASON BROOKS, )
ANDREA FRAZIER, and PAMELA )
WHITE, )
                  Plaintiffs, )
vs. )   Case No. CIV-15-188-M
JOE DAVID, in his individual capacity; )
DISTRICT ATTORNEY JASON HICKS, )
in his individual capacity, )
                  Defendants. )

## ORDER

Before the Court is defendant Joe David's ("David") Motion to Dismiss, filed September 14, 2016. On October 5, 2016, plaintiffs filed their response, and on October 12, 2016, David filed his reply.

I.    Introduction[1]

On February 22, 2013, plaintiffs Andrew Brooks, Jason Brooks, and Andrea Frazier were traveling eastbound on I-40 in Caddo County, Oklahoma in a 2007 Infiniti FX 35 which was owned by plaintiff Pamela White, who had allowed plaintiffs to use her vehicle. Plaintiffs allege that although plaintiff Frazier, who was driving the vehicle, maintained her lane of travel, at all times, and committed no traffic violations, David and Officer David Conley pulled plaintiffs over for allegedly drifting slightly onto the shoulder of the highway. David requested permission to search the vehicle, but plaintiffs denied him permission. David also separately interrogated plaintiffs Frazier, Andrew Brooks, and Jason Brooks on the side of the road. Plaintiffs allege that even though

---

[1] The facts contained in this Introduction are based upon plaintiffs' First Amended Complaint.

they gave David the same answers over and over again, the traffic stop was extended and plaintiffs were held on the side of the road for one hour and fifteen minutes, while David waited on Officer Vince Fisher to arrive with his K-9. Plaintiffs further allege that the K-9 made no indication that it hit on the vehicle, but David, along with Officers Conley and Fisher, proceeded to search the vehicle, where they found marijuana. Plaintiffs Jason Brooks, Andrew Brooks, and Frazier were arrested and booked into the Caddo County Jail, and plaintiff White's vehicle was seized.

On February 20, 2015, plaintiffs filed their Complaint pursuant to 42 U.S.C. § 1983, alleging violations of their constitutional rights pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. On August 31, 2016, plaintiffs filed their First Amended Complaint. David now moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiffs' First Amended Complaint.

II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.   Discussion

David asserts that plaintiffs' claims for unlawful arrest and unlawful vehicle seizure should be dismissed for failure to state a claim. Specifically, David contends that the discovery of the marijuana gave probable cause for the arrests. David also contends that the vehicle was lawfully seized because it was subject to impoundment because the driver was arrested and because it was subject to seizure under state and federal forfeiture laws. In their response, plaintiffs do not address David's contentions regarding the lawfulness of either the arrests or vehicle seizure. Thus, the Court finds that plaintiffs concede that the discovery of the marijuana gave probable cause for the arrests and that the vehicle was subject to impoundment and to seizure under state and federal forfeiture laws. The Court, therefore, finds that plaintiffs' § 1983 claims based upon unlawful arrest and unlawful vehicle seizure should be dismissed.

3

Plaintiffs, however, are also alleging § 1983 claims against David based upon an unconstitutional traffic stop and an unconstitutional extension of the traffic stop. While David does not address these claims in his motion to dismiss, he does generally allege that he is entitled to qualified immunity. Because the subsequent lawful arrest and seizure of the vehicle does not preclude plaintiffs from maintaining their remaining § 1983 claims, the Court will address whether David is entitled to qualified immunity in relation to these § 1983 claims.

"When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to overcome the asserted immunity." *Ahman v. Furlong*, 435 F.3d 1196, 1198 (10th Cir. 2006) (citing *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001)). To meet their burden, plaintiffs must establish: (1) that a constitutional violation occurred; and (2) that the violated right was "clearly established" at the time of the violation. *See Weise v. Casper*, 593 F.3d 1163, 1166-67 (10th Cir. 2010) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)).

"[A] traffic stop is valid under the Fourth Amendment if the stop is based on an observed traffic violation or if the police officer has a reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring." *United States v. Botero-Ospina*, 71 F.3d 783, 787 (10th Cir. 1995). In their First Amended Complaint, plaintiffs specifically allege that plaintiff Frazier maintained her lane of travel at all times and committed no traffic violations. *See* First Amended Complaint at ¶ 19. Having carefully reviewed the First Amended Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds that plaintiffs have set forth sufficient factual allegations showing that the initial traffic stop was not valid. The Court, thus, finds that plaintiffs have stated a § 1983 claim for the violation of their Fourth Amendment rights based upon the alleged

unconstitutional traffic stop. The Court further finds that the violated right was clearly established at the time of the violation. It has been clearly established since at least 1995 that it is a violation of the Fourth Amendment for an officer to initiate a traffic stop without reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring. *See id.*

Further, "during a routine traffic stop, an officer may request a driver's license and registration, run requisite computer checks, and issue citations or warnings." *United States v. Pettit*, 785 F.3d 1374, 1379 (10th Cir. 2015) (internal citations omitted). "An officer may also inquire about the driver's travel plans and ask about matters unrelated to the stop." *Id.* (internal citations omitted). Finally, while a lawful traffic stop may not extend beyond the time reasonably required to effectuate its purpose, the stop may be extended if the encounter becomes consensual or if, during the initial lawful traffic stop, the officer develops a "reasonable suspicion" that the detained person is engaged in criminal activity. *See id.*

Having carefully reviewed the First Amended Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds that plaintiffs have set forth sufficient factual allegations showing that the traffic stop was extended beyond the time reasonably required to effectuate its purpose and that David had no basis for any reasonable suspicion that they were engaged in criminal activity. In their First Amended Complaint, plaintiffs allege that they were detained on the side of the road for one hour and fifteen minutes and that they repeatedly answered David's questions and gave consistent answers. The Court, thus, finds that plaintiffs have stated a § 1983 claim for the violation of their Fourth Amendment rights based upon the alleged unconstitutional extension of the traffic stop. The Court further finds that the violated right was clearly established at the time of the violation. It has been

5

clearly established since at least 2004 that an officer may only detain a driver beyond the scope of the traffic stop if, during the stop, the officer develops an objectively reasonable and articulable suspicion that the detained persons are engaged in some illegal activity or the initial detention becomes a consensual encounter. *See United States v. Rosborough*, 366 F.3d 1145, 1148 (10th Cir. 2004).

Accordingly, the Court finds that plaintiffs' § 1983 claims against David based upon the alleged unconstitutional traffic stop and the alleged unconstitutional extension of the traffic stop should not be dismissed based upon qualified immunity.

IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART David's Motion to Dismiss [docket no. 41] as follows:

(A) The Court GRANTS the motion as to plaintiffs' § 1983 claims based upon unlawful arrest and unlawful vehicle seizure and DISMISSES those claims, and

(B) The Court DENIES the motion as to plaintiffs' § 1983 claims based upon the alleged unconstitutional traffic stop and the alleged unconstitutional extension of the traffic stop.

**IT IS SO ORDERED this 18th day of January, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE