# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW BROOKS, JASON BROOKS, ANDREA FRAZIER, and PAMELA WHITE, ) ) ) ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. CIV-15-188-M |
| JOE DAVID, in his individual capacity; DISTRICT ATTORNEY JASON HICKS, in his individual capacity, ) ) ) ) | |
| Defendants. ) | |

## ORDER

Before the Court is defendant Jason Hicks' ("Hicks") Motion to Dismiss for Failure to State a Claim, filed September 14, 2016. On October 5, 2016, plaintiffs filed their response. On October 12, 2016, Hicks filed his reply, and on November 16, 2016, Hicks filed a Notice of Supplemental Authority.

I.    Introduction[1]

Hicks is the District Attorney of Caddo County and is the head of the District 6 Drug Task Force. Hicks signed a contract with defendant Joe David ("David") and his company Desert Snow, paying Desert Snow 25% of all drug money seized when Desert Snow is working directly with the officers of the District 6 Drug Task Force. Plaintiffs allege that David and other employees of Desert Snow were actively involved in pulling motorists over on Interstate 40, interrogating motorists, searching their vehicles, and arresting individuals, even though David and his employees were not certified law enforcement officers in Oklahoma.

---

[1]The facts contained in this Introduction are based upon plaintiffs' First Amended Complaint.

On February 22, 2013, plaintiffs Andrew Brooks, Jason Brooks, and Andrea Frazier were traveling eastbound on I-40 in Caddo County, Oklahoma in a 2007 Infiniti FX 35 which was owned by plaintiff Pamela White, who had allowed plaintiffs to use her vehicle. Plaintiffs allege that although plaintiff Frazier, who was driving the vehicle, maintained her lane of travel, at all times, and committed no traffic violations, David and Officer David Conley pulled plaintiffs over for allegedly drifting slightly onto the shoulder of the highway. David requested permission to search the vehicle, but plaintiffs denied him permission. David also separately interrogated plaintiffs Frazier, Andrew Brooks, and Jason Brooks on the side of the road. Plaintiffs allege that even though they gave David the same answers over and over again, the traffic stop was extended and plaintiffs were held on the side of the road for one hour and fifteen minutes, while David waited on Officer Vince Fisher to arrive with his K-9. Plaintiffs further allege that the K-9 made no indication that it hit on the vehicle, but David, along with Officers Conley and Fisher, proceeded to search the vehicle, where they found marijuana. Plaintiffs Jason Brooks, Andrew Brooks, and Frazier were arrested and booked into the Caddo County Jail, and plaintiff White's vehicle was seized.

On February 20, 2015, plaintiffs filed their Complaint pursuant to 42 U.S.C. § 1983, alleging violations of their constitutional rights pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. On August 31, 2016, plaintiffs filed their First Amended Complaint. Hicks now moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiffs' First Amended Complaint.

II.    Discussion

Plaintiffs allege that Hicks' policies, procedures, customs, and/or failure to train the officers caused plaintiffs' constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to be

violated. Plaintiffs further allege that Hicks, by allowing David and Desert Snow to train the District 6 Drug Task Force officers, failed to meet his burden of properly training the officers regarding the constitutional requirements to initiate or extend a traffic stop, to search a vehicle, to arrest and detain an individual, and to seize property. Additionally, plaintiffs assert that although Hicks was not present at the traffic stop, he is individually responsible for his decision to enter into the contract with David, by allowing David to patrol the streets of Oklahoma even though he was not a certified Oklahoma law enforcement officer, and by allowing him to train the officers of the District 6 Drug Task Force in such a manner that would violate the civil rights of plaintiffs and other citizens.

In his motion, Hicks seeks dismissal based in part on qualified immunity. "When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to overcome the asserted immunity." *Ahman v. Furlong*, 435 F.3d 1196, 1198 (10th Cir. 2006) (citing *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001)). To meet their burden, plaintiffs must establish: (1) that a constitutional violation occurred; and (2) that the violated right was "clearly established" at the time of the violation. *See Weise v. Casper*, 593 F.3d 1163, 1166-67 (10th Cir. 2010) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). "In their discretion, courts are free to decide which prong to address first in light of the circumstances of the particular case at hand." *Id.* at 1167 (internal quotations and citations omitted).

Having carefully reviewed plaintiffs' First Amended Complaint and plaintiffs' response to Hicks' motion to dismiss, the Court finds that plaintiffs have not shown that contracting with David and Desert Snow and allowing David to patrol the streets of Oklahoma and to train the officers of the District 6 Drug Task Force is the violation of a clearly established constitutional right. In fact, plaintiffs do not even address Hicks' assertion of qualified immunity in their response to Hicks'

motion to dismiss. Additionally, plaintiffs cite to, and the Court has found, no cases from any jurisdiction suggesting that the type of contract entered into with David and Desert Snow was unconstitutional. Accordingly, the Court finds that Hicks is entitled to qualified immunity as to all of plaintiffs' claims.[2]

III.    Conclusion

For the reasons set forth above, the Court GRANTS Hicks' Motion to Dismiss for Failure to State a Claim [docket no. 40] and DISMISSES all claims against Hicks.

**IT IS SO ORDERED this 19th day of January, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2]To the extent plaintiffs are relying on any policies, procedures, customs, and/or failure to train the officers outside of the contract with David, the Court finds that the general policy, custom, and failure to train allegations/claims contained in the First Amended Complaint suffer from the same defects as the policy, custom, and failure to train allegations/claims contained in the original complaint that this Court dismissed on August 11, 2016.